Nehrbas, J.
—This action was brought upon a promissory note made by the defendants, to their own order, and indorsed over to the plaintiffs for value.
The defendant Herman denied “ that the defendants duly or otherwise indorsed said note (mentioned in the complaint) under and by their said firm name, and thereupon, or at any time, for value received, or otherwise, transferred said note to said plaintiffs.” The answer was verified March 2, 1885, and a copy served on the following day. A motion to advance the cause was not opposed, and on March 20, 1885, the cause appeared upon the day calendar, and plaintiffs took an inquest, no one appearing for the defendants. The plaintiff had brought witnesses from Buffalo and College Point in this State.
The executions issued upon the judgment were returned unsatisfied by the sheriffs of New York and *63 Queens counties. In the proceedings supplementary to execution, the fact was brought out that the defendants had, on or about March 1, 1885, sold out, by deed of conveyance and bill of sale, all their brewery property to the Hirsch & Herman Brewing Company, receiving in payment 2,000 shares in the capital stock of that company, of the par value of $1.00 a share, of which the defendant Herman obtained one-half, which stock he thereafter pledged as security for debts due by the defendant Herman, and the firm of Hirsch & Herman. A deed of the real estate and brewery property of the defendants at College Point, was on March 4, 1885, recorded in the Queens county clerk’s office, which deed was executed by the defendant Herman, with his partner Hirsch, to the Hirsch & Herman Brewing Company. This was done one day subsequent to the service of the answer. The defendant Hirsch is apparently insolvent.
From the affidavits and papers submitted, it plainly appears that the denial contained in the answer hereinbefore referred to, was false and untrue, and was known to the defendant to be false and untrue at the time he verified his pleading.
It is obvious, from the foregoing facts and circumstances, that the defendant Herman has been guilty of gross misconduct, by which the rights and remedies of the plaintiff have been impaired, prejudiced and impeded, and, it seems, entirely defeated, for nothing has been paid upon the judgment.
The defendant relies solely upon his claim that this court has no power to punish for contempt under these circumstances, and cites the case of Rutherford v. Holmes, 5 Hun, 319; affirmed by the court of appeals in 66 N. Y. 368, as in point. That case has reference to a justice of the peace, and to courts of inferior jurisdiction, but does not apply to courts of record.
In other words, defendant contends that he may *64 deliberately commit perjury in order to obtain sufficient delay to put bis property out of the reach of the plaintiff, and then defy the latter to collect his judgment.
Is this court powerless to punish such outrageous conduct ? Under section 14 of the Code of Civil Procedure, this court has ample power to punish, as for a contempt, such gross abuse of a pleading, which has resulted so disastrously to the plaintiff.
The defendant will be fined the full amount of the judgment §1,057.32 and interest, besides §75, as costs and disbursements subsequent to the recovery of the judgment, and he will be committed until the fine is paid.*

 Since the above was reported the decision has been reversed on appeal. See page 107, of this vol.